# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **ANGELLO EPIFANIO TORRES HERNANDEZ,** | § § § § | |
| *Petitioner,* | § § | |
| **v.** | § § § | |
| **WARDEN LIMESTONE COUNTY DETENTION CENTER, ICE FIELD OFFICE DIRECTOR, SAN ANTONIO FIELD OFFICE, ENFORCEMENT AND REMOVAL OPERATIONS, ATTORNEY GENERAL TODD BLANCHE, ACTING ATTORNEY GENERAL; MARKWAYNE MULLINS, UNITED STATES SECRETARY; AND DEPARTMENT OF HOMELAND SECURITY,** | § § § § § § § § § § § § § § | No. 6:26-CV-00377-LS |
| *Respondents.* | § | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Petitioner Angello Epifanio Torres Hernandez moves for a temporary restraining order ("TRO") and preliminary injunction ordering the government to release him from immigration detention or conduct a bond hearing. The Court has discretion to grant or deny a TRO based on four elements[1]:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[2]

---

[1] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[2] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

However, "[t]he purpose of a preliminary injunction [or TRO] is not to give the plaintiff the ultimate relief it seeks."[3] Instead, it "is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits."[4] Petitioner's motion seeks release or a bond hearing, which cannot be the subject of a TRO or preliminary injunction because they are the ultimate relief Petitioner seeks in his petition.

Finally, "Federal courts lack jurisdiction over 'claims connected directly and immediately with a "decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."'"[5] And "[a] request for stay of removal is a challenge to a removal order."[6] The Court therefore lacks jurisdiction to stay removal and **DENIES** Petitioner's motion for a TRO and preliminary injunction [ECF No. 3].

**SO ORDERED**.

**SIGNED** and **ENTERED** on June 15, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[3] *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996).

[4] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. 2022).

[5] *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (quoting *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999)); *see also* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders under [Chapter 12].").

[6] *Imran v. Harper*, 2025 WL 93131, at *1 (upholding the district court's ruling that it lacked jurisdiction to stay removal despite the petitioner's argument that "his request for a stay of removal 'simply sought to preserve the status quo so the court can address his detention related claim, without interfering or reversing the underlying removal order.'").